Thomas S. Leary, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

410

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three. Reargued June 5, 1974, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Neal E. Newman,* with him *Balka and Levy,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

PER CURIAM, July 24, 1974:
This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which

determined that Thomas Leary (Leary) was ineligible for unemployment compensation because he was self-employed.

For twenty-two months, Leary was in the employ of Daniel J. Keating Company as a general construction superintendent. On March 31, 1972, he was laid off due to lack of work.

On May 12, 1972, Leary formed a corporation "Leary Builders Incorporated," and was elected (albeit unilaterally) President. Thereafter, the corporation, in August of 1972, entered into an agreement to buy a parcel of land. Settlement under this agreement was made in September, 1972. Construction of houses soon followed.

Leary filed for unemployment compensation benefits on April 14, 1972. The Bureau of Employment Security granted benefits for claim weeks ending April 20th and 27th, and denied benefits for the twenty-seven (27) consecutive weeks thereafter. On appeal from the Bureau determination, the Referee allowed benefits for the weeks ending May 4th and 11th, but denied benefits for the weeks thereafter because Leary was, in his opinion, self-employed. The Board affirmed the decision of the Referee and appeal to this Court followed.

In an unemployment compensation case, review by the Commonwealth Court of Pennsylvania is confined to questions of law and, in the absence of fraud, a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board all question of credibility and weight of the evidence and giving to the party prevailing below the benefit of all reasonable and logical inferences to be drawn from the evidence. *Doctor James Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Section 402(h) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802 (h) provides as follows: "An employe shall be ineligible for compensation for any week . . . (h) In which he is engaged in self-employment: . . . ."

Leary argues that the Board committed an error of law in determining that he was self-employed from May 12, 1972, until September, 1972.[1] He stresses that all he did in establishing his own construction company was to incorporate the business, and primarily argues that this is insufficient to legally determine him to be self-employed.

A careful review of the record in this case tells us that incorporation was the only positive move of Leary in establishing his own business. However, we find it properly can be inferred from all the testimony that other acts necessarily occurred.[2]

But did the Board err as a matter of law in holding, under the factual situation present here, that Claimant was self-employed?

Self-employment is not defined in our Unemployment Compensation Law, and a review of the relevant cases unfortunately does not give us a working definition. However, *Salis v. Unemployment Compensation Board of Review*, 200 Pa. Superior Ct. 548, 190 A. 2d 579 (1963), presents a similar factual situation to the case at hand. In *Salis, supra,* claimant entered into an

---

[1] Leary agrees that after the acquisition of land for the construction company, sometime in September 1972, he was self-employed. Therefore he does not dispute the Board's denial of benefits after the date of purchase of the land.

[2] For example, it would be naive to suppose that Leary could and would purchase land for his construction site without, at the very least, viewing this and perhaps other parcels of land. We feel that the Board did not err in inferring such actions when considering Leary's claim.

agreement with another person to operate a clothing store, and thereafter pursued the establishment of the agreed arrangement. The Board denied claimant benefits stating he was self-employed from *the date of the signing of said agreement.*

We say that the act of incorporation here is similar to the signing of the agreement in *Salis, supra.* The incorporation, like the execution of the agreement in *Salis, supra,* was a positive but not final act in the establishment of an independent business enterprise.

Leary seeks to distinguish *Salis, supra,* by arguing that in that instance the plan of operation had been formed and claimant was well on the way to being self-employed. We see here that an operation had also been formed. And so, we enter the following

ORDER

AND Now, this 24th day of July, 1974, the Order of the Unemployment Compensation Board dated May 31, 1973 is hereby affirmed.