Francis Anello, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*David P. Grau,* with him *Donald A. Semisch,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 13, 1979:

Francis Anello (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(h) of the Unemployment Compensation Law,[1] which provides: "An employe shall be ineligible for compensation for any week . . . (h) [i]n which he is engaged in self-employment. . . ."

The facts are not in dispute. Claimant, as vice-president of United Driving School, Inc. (United) owned 15 percent of the stock and was the sole manager of United's New Jersey branch office. As the branch manager, claimant had the right to hire and fire employees and handle cash transactions with the approval of the main office. Claimant was associated with United for approximately six months and was terminated when the president of United, who owned 60 percent of the stock, decided, for financial reasons, to close the branch office. Claimant filed for unemployment compensation benefits.

The Board denied benefits and reasoned that, since claimant had complete control over United's New Jersey branch office, "it *must be concluded* that he did have and exercised a substantial degree of control over the *corporation.*" (Emphasis added.) The Board then concluded that claimant was a self-employed businessman and therefore ineligible for unemployment benefits under the rationale of *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

(1972). We disagree with this conclusion and reverse the Board.

In determining whether a person is a businessman or an employee, our Supreme Court has held that "the proper test is whether the employee 'exercises a substantial degree of control over the *corporation*;' if so, he is a businessman and not an employee." *Starinieri Unemployment Compensation Case, supra* at 260, 289 A.2d at 728 (emphasis added). Here, the Board found that, despite other indicia of control, claimant had control over *only the branch office,* not the corporation. *Starinieri* does not support the conclusion of law drawn by the Board that a finding of substantial degree of control over a branch office necessitates a finding of substantial degree of control over the corporation. Thus, under the facts of this case, we cannot agree that claimant is a self-employed person.

Accordingly, we enter the following

ORDER

AND Now, this 13th day of December, 1979, the order of the Unemployment Compensation Board of Review, dated July 5, 1978, denying benefits to Francis Anello, is hereby reversed and the case remanded for a computation of benefits.