Robin M. Roberts and Samuel J. Brown, III, Petitioners v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Kingsley A. Jarvis,* for petitioners.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 26, 1980:
In this appeal from a decision by the Unemployment Compensation Board of Review (Board) denying benefits to Robin M. Roberts and Samuel J. Brown, III (Claimants), there is no dispute as to the facts. Claimants had worked for S. S. Rebar and were laid off in December, 1978 for lack of work. They proceeded to organize a new corporation which received its charter on January 8, 1979. That corporation did its first business on or about March 17, 1979. Claimants applied for and received unemployment compensation benefits for the weeks ending January 13, 1979 through March 17, 1979. Claimants did not disclose their new venture to the Office of Employment Security when they applied for benefits. As soon as that office became aware of the formation of the corporation, a disqualifying determination was issued. Upon Claimants' appeal, the referee held Claimants ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(h) which provides as follows: "An employe shall be ineligible for compen-

sation for any week . . . (h) In which he is engaged in self-employment: . . .'' Upon further appeal, the Board affirmed the referee's determination of ineligibility and directed that the overpayments should be recouped under the ''nonfault'' provisions of Section 804(b) of the Law. 43 P.S. §874(b). That order generated the instant appeal.

Since *Salis Unemployment Compensation Case,* 200 Pa. Superior Ct. 548, 190 A.2d 579 (1963), the law of this Commonwealth has been that the positive act of establishing an independent business enterprise renders ineligible the principals involved for unemployment compensation benefits because they are self-employed persons. Cases of this Court which have followed that rule are *Leary v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 409, 322 A.2d 749 (1974) and *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976). The *Leary* case is virtually indistinguishable on its facts from the case now before us. There we held that the date of incorporation of a business brought the claimant within the provisions of Section 402(h) of the Law.

Claimants argue that there is unfairness in this interpretation of the Law because it unrealistically assumes that once a corporation is formed, it immediately begins to do business and generate income. A similar argument was made and rejected in *Leary.* Here, as in *Leary,* one would have to be naive to suppose that the corporation had *no* activities until it sold its first swimming pool.

Order affirmed.

### ORDER

AND Now, this 26th day of November, 1980, the order of the Unemployment Compensation Board of

Review, dated September 21, 1979, denying unemployment compensation benefits to Robin M. Roberts and Samuel J. Brown, III is affirmed.

AMENDED ORDER

AND Now, this 8th day of December, 1980, the order of this Court entered November 26, 1980 is amended to read as follows:

AND Now, November 26, 1980, the orders of the Unemployment Compensation Board of Review dated November 8, 1979 denying unemployment compensation benefits to Robin M. Roberts and Samuel J. Brown, III, are affirmed. Judge WILLIAMS, JR. concurs in result only.