James J. Slavin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Christian T. Mattie, III,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 12, 1981:

This is an appeal by James J. Slavin from a decision of the Unemployment Compensation Board of Review affirming a referee's denial of benefits on the ground that Slavin was engaged in self-employment during the weeks in issue, a cause for ineligibility under Section 402(h) of The Pennsylvania Unemployment Compensation Law.[1]

Slavin was employed for twenty-seven years as a manager for Whitehawk Beef Company, Inc. (Whitehawk). Early in 1979 Slavin negotiated for the purchase of Whitehawk's physical assets. The negotiations broke down and in March, 1979 Whitehawk was closed and Slavin became unemployed. At this time neither Slavin nor any member of his family had any proprietary interest in Whitehawk or in any other business. About one month later Slavin was able to revive the stalled negotiations and to purchase Whitehawk's assets. As a vehicle for this transaction Slavin used a dormant corporation he had created in 1972 named O'Jacks, Inc.

Was Slavin ineligible for benefits during the weeks after the closing of Whitehawk and before his purchase of Whitehawk's assets? The referee and the Board, relying on a decision of this Court in *Leary v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 409, 322 A.2d 749 (1974), determined that Slavin was engaged in self-employment during the period in question and therefore ineligible.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

In *Leary, supra,* a construction superintendent who had been employed by another decided to go into business for himself and to that end formed a corporation which he caused to purchase land for residential development. We affirmed the Board's decision granting benefits for the period between the time the claimant was laid off by his employer and the date on which the corporation was formed, and denying benefits after the latter event. As had the court in *Salis Unemployment Compensation Case,* 200 Pa. Superior Ct. 548, 190 A.2d 579 (1963), where benefits were denied for the period after the claimant had entered into an agreement to operate a clothing store for his own account, we reasoned "that the act of incorporation [in *Leary*] is similar to the signing of the agreement in *Salis, supra.* The incorporation, like the execution of the agreement in *Salis, supra,* was a positive but not final act in the establishment of an independent business enterprise." *Leary, supra* at 413, 322 A.2d at 750. These authorities establish that a period of compensable unemployment ends when the claimant, by some positive act, embarks on a new business venture. What was the positive act or acts by which Slavin embarked on ownership and operation of the Whitehawk enterprise? The referee and the Board concluded that the failed negotiations which took place several months before Whitehawk's closing marked the beginning of Slavin's engagement in self-employment.[2] We disagree.

During most of the critical period—that is, from Whitehawk's closing until Slavin's purchase—there were no negotiations between the parties. During this time, Slavin inquired about employment with other beef wholesalers in Florida, Ohio and Illinois; and he was not engaged in any kind of employment, for him-

---

[2] We find no significance in the fact that Slavin used his dormant corporation as a vehicle for purchasing Whitehawk's assets.

self or otherwise. Slavin's mere desire to purchase Whitehawk could not disqualify him from unemployment compensation benefits. Surely, if the negotiations having failed, Slavin after a time had found a job with another employer, he would have been eligible for benefits during the period of his unemployment. In *Leary* and *Salis*, we held that the claimants became engaged in self-employment when they committed themselves to such by agreeing to purchase assets. Slavin did not commit or could not, commit himself until he finally came to terms with Whitehawk's owners.

Order reversed.

ORDER

AND Now, this 12th day of March, 1981, the decision of the Unemployment Compensation Board of Review, affirming the denial of benefits to James J. Slavin is reversed, and the record is remanded to the Board for the computation of benefits consistent with this opinion.