Ronald Kurt Ebert, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Howard B. Zavodnick,* for petitioner.

*Stephen Lipson,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 10, 1981:

Unified Data Systems (UDS) is a corporation which provides information systems and computerized billing services for medical businesses, hospitals and clinics. The managing director of the corporation was Frances Carlson, and Mrs. Carlson's husband seems also to have been active in the management of the business. The Carlsons owned 40 percent of the capital stock of UDS. Four other persons, who appeared to be investors only, owned shares comprising 30 percent.

Ronald Kurt Ebert, the claimant in this unemployment compensation case, is a computer expert. He was hired by UDS on account of his knowledge of computers; he received 30 percent of the stock of the corporation, the title of president and a salary of $19,-000.00 a year. After seven months he was discharged from his employment and applied for unemployment compensation. Mr. Ebert's application was not contested by UDS in any fashion so that the history of his employment and eventual loss of employment must be learned from his unrefuted account by written statements submitted to the Office of Employment Security and his testimony at a referee's hearing. The compensation authorities decided on the basis of the facts that the claimant had the title of president, owned 30 percent of the stock, had the power to sign checks and as it found "ran the day to day operation of the corporation," that he was a self-employed businessman and therefore ineligible for benefits. Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. Section 802(h). While it is true that Mr. Ebert's

title was that of president, that he had 30 percent of UDS stock, that he was paid $19,000.00 a year and that he occasionally signed business checks, it is not true "that he ran the day to day operation *of the corporation*". (Emphasis supplied.)

Mr. Ebert's account of his employment was as follows: that the Carlsons conducted all of the affairs of the corporation and that he, Ebert, ran the computer. The Carlsons used Mr. Ebert's resume to obtain financing for the purchase of the computer equipment and, although Mr. Ebert recommended the purchase of a particular computer, the Carlsons bought another. Mrs. Carlson signed the checks, made up the payroll, hired and fired all employees, including those who worked with Mr. Ebert at the computers, solicited customers, did the banking, did the collection work, and hired the company's accountant and attorney. Mr. Ebert signed six checks during his tenure. As he testified, Mr. Ebert's function was to "monitor the activities of the computer itself, do computer programming, design the types of programs and hardware that were to be used in order to supply the various customers that the Carlsons supplied to the company". Mrs. Carlson discharged Mr. Ebert because his services were no longer needed.

Pennsylvania alone of the states has the rule that a corporate employee who has a corporate title, a minority stock interest and a minority position on the board of directors[1] will be disqualified as a self-employed person if he can be found to have "substantial control of the corporation". The rule was first propounded in *Starinieri Unemployment Case*, 447 Pa. 256, 289 A.2d 726 (1972), the rule prior to that decision having been that one who controlled a corporation

---

[1] The record in this case has no mention of the composition of UDS's board of directors.

by the ownership of more than half of its stock was disqualified as self-employed. In *Starinieri* the Supreme Court held that the secretary-treasurer of a bankrupt corporation who owned 15 of 40 shares of outstanding stock and was the executive manager of the company, was a businessman rather than an employee because he exercised a substantial degree of control over the corporation.

Mr. Ebert's situation is quite different from that of the claimant in *Starinieri*. Ebert ran a computer and he neither had, nor exercised, any control over the corporation. This case is indistinguishable on the facts from *George v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 578, 426 A.2d 1248 (1981) in which we determined that a mechanic who was treasurer and owned 20 percent of the stock of a corporation, had authority to sign payroll checks, but whose primary duty was that of repairing transmissions, was not a self-employed businessman. *Anello v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 25, 408 A.2d 1171 (1979), is also apposite. There, the vice president and owner of 15 percent of the stock of his employer and manager of one of the corporation's branch offices was held to be eligible for compensation. We concluded that proof of the control of a branch did not prove control of the corporation. This record shows that Mr. Ebert controlled the computer, not UDS.

Hence, we enter the following

ORDER

AND Now, this 10th day of April, 1981, the order of the Unemployment Compensation Board of Review denying benefits to Ronald Kurt Ebert, is hereby reversed and the case remanded for a computation of benefits.

Judge MacPhail dissents.

Judge Wilkinson did not participate in the decision in this case.