Maurice Gelb, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 1, 1984, to Judges CRAIG, PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*David I. Davis, Law Offices of Jonathan DeYoung,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 16, 1985:

Where an unemployment compensation claimant, by virtue of his ownership of 50% of a business corporation's stock and his office as president of that corporation, possesses the power to control the corporation, but has in fact not exercised such control, is he ineligible for compensation on the ground that his engagement with the corporation constituted self-employment?

The claimant, Maurice Gelb, has appealed from an affirmance, by the Unemployment Compensation Board of Review, of a referee's decision which denied benefits on the above-stated grounds, citing *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).[1]

The referee's findings are supported by substantial evidence. Indeed, the record contains no evidence to contradict the findings that the claimant founded Gelb Productions, Inc., together with his son and daughter-in-law, to promote boxing matches at Atlantic City casinos; that the claimant owned 50% of the stock and was the corporate president while his son and daughter-in-law owned the other 50% and

---

[1] The board's brief cites section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h), as the authority for disqualification. (The *Starinieri* opinion cited the same section.) However, section 402(h) is the basis for disqualifying a claimant found to be self-employed at a time when he claims to be unemployed. In this case, the question is a different one—whether the claimant actually had a base period of employment or was, instead, then self-employed so that his status is now that of an inactive businessman.

occupied the other corporate offices; and that the claimant became unemployed when the son decided to move the corporation from Philadelphia to Ventnor, New Jersey, and the claimant did not wish to commute.

Contrary to the claimant's contention that the referee ignored evidence that the claimant made no executive decisions in the running of the business, but merely sold advertising, handled mail and made routine arrangements, we note that the referee did find that the claimant did not exercise executive powers with respect to policy decisions, financial matters and hiring and firing.

However, as a matter of law relating to this Pennsylvania business corporation, the referee was on solid legal ground when he found that the claimant possessed nevertheless an equal right to make policy decisions, to be involved in financial matters and to hire and fire employees. Under the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended,* 15 P.S. §§1501-1516, the claimant's fifty-percent shareholder position meant that no one could proceed free of his views as to actions by directors or even as to the composition of the board of directors. Under section 406 of the same law, 15 P.S. §1406, his management powers as president were also rooted in his shareholder's power to control or forestall directors' actions.

The claimant stresses a statement in the leading case, *Starinieri,* where the Pennsylvania Supreme Court described a self-employed businessman as ''one who through ownership of stock and his position in the corporation *exercises* a 'substantial degree of control' over its operation. . . .'' 44 Pa. at 259, 289 A.2d at 727 (emphasis supplied). However, actual exercise of control has been an important factor in cases

involving stock ownership at levels below 50%, as in the *Starinieri* case itself, where the claimant held 37.5% of the shares (fifteen out of forty). When the claimant is a minority shareholder, the claimant's unemployment obviously could be a matter beyond his control, unless the actual workings of the corporation have shown otherwise.

*Geever v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 491, 442 A.2d 1227 (1982), on which the claimant places reliance, is distinguishable; there the other corporation owners had voted the claimant, a thirty-percent shareholder, out of the control which she had earlier possessed. Similarly distinguishable are *Ebert v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 429, 427 A.2d 1271 (1981); *George v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 578, 426 A.2d 1248 (1981), and *Anello v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 25, 408 A.2d 1171 (1979), all of which involved claimants found to be eligible on the basis of lack of control, where their minority shareholder status meant they possessed no offsetting potential for control.

This case is closer to *Pardini v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 114, 399 A.2d 1211 (1979), where we held that a claimant who owned 50% of the outstanding stock of the corporation and served as its secretary-treasurer, as well as its general manager, was ineligible for benefits by reason of self-employment. This case differs only in that the claimant here has not functioned as general manager.

This court cannot agree with the contention in the claimant's brief that the corporation's move in this case was "beyond the control of the claimant."

When the claimant here sought compensation by pointing to his son's action in moving the location of the business, the compensation authorities were entitled to consider his failure to forestall that move as a key point against him, not one in his favor. As cofounder, president and an equal shareholder of the business, he could not avoid self-employed businessman status by abdication of his legal powers over the corporation's destiny.

The decision is affirmed.

ORDER

Now, January 16, 1985, the decision of the Unemployment Compensation Board of Review, No. B-224693, dated November 30, 1983, is affirmed.