Theodore J. Salamak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 22, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Claude A. Lord Shields,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 5, 1985:

Theodore J. Salamak appeals here an order of the Unemployment Compensation Board of Review (Board) which concluded that he was disqualified from receiving benefits under Section 402(h) of the Pennsylvania Unemployment Compensation Law (Law)[1] and had received a fault overpayment in the amount of $3,732 which is subject to recoupment under Section 804(a) of the Law.[2] We affirm.

Salamak had originally been granted benefits by the Office of Employment Security (OES) pursuant to a claim which he had filed on September 12, 1982. He received benefits for the compensable weeks from February 5, 1983 through April 16, 1983 and again from July 9, 1983 through August 29, 1983. On October 28, 1982, he became a one-third shareholder in a new corporation known as Fitness Associates, Inc., and served as corporate President and was a member of the Board of Directors. On April 1, 1983, Fitness Associates commenced business under the name of New Dimensions Health Club and Recreation Center. For three weeks subsequent to that time, Salamak was paid a salary of $250 per week for his work at New Dimensions. While he was not the manager of New Dimensions, he possessed the authority to hire and fire employees, sign corporate checks, and became actively involved in the management of the business when any problem arose which could not be handled

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

[2] 43 P.S. §874(a).

by the manager. On July 1, 1983, he terminated his association with New Dimensions as he felt that he was not being paid enough to justify making the daily trip from his home in Frackville to New Dimensions which was located in Souderton, some eighty-five miles away. After leaving New Dimensions, Salamak reopened his claim effective July 3, 1983 and received benefits for the compensable weeks from July 9, 1983 through August 27, 1983.

On November 10, 1983, the OES issued a determination which found Salamak ineligible for benefits as a self-employed businessman under Section 402(h) of the Law. On November 14, 1983, the OES issued a second determination which found that he had received a fault overpayment in the amount of $3,732 subject to recoupment under Section 804(a) of the Law. Salamak appealed both OES determinations and a referee's hearing was held on November 30, 1983. On December 6, 1983, the referee issued his decision in which he found that Salamak was ineligible for benefits for the compensable weeks from February 5, 1983 through April 16, 1983 and from July 9, 1983 through August 27, 1983 and affirmed the OES determination with regard to the $3,732 fault overpayment. Salamak then appealed the referee's decision to the Board which affirmed the referee on February 3, 1984. Appeal to this Court followed.

In this appeal, Salamak contends that the Board erred in finding that he was engaged in self-employment within the meaning of Section 402(h) of the Law. We initially note that Section 402(h) of the Law provides that "[A]n employee shall be ineligible for compensation for any week—(h) In which he is engaged in self-employment. . . ." In *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972), our Supreme Court held that this

statutory language renders a self-employed person who becomes an "unemployed businessman" ineligible for unemployment compensation. In *Starinieri*, the claimant was the owner of fifteen out of forty outstanding shares in a closely-held corporation and became unemployed when the corporation filed a voluntary petition in bankruptcy.[3] While claimant was not the President of the failed company, he was the Secretary-Treasurer and acted as the executive manager. The Supreme Court concluded that the claimant's activities indicated that he exercised a "substantial degree of control" over the enterprise and was a self-employed businessman rather than an employee. Citing the *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A.2d 254 (1984), the Supreme Court held that the Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen.

There is no question here that Salamak exercised the requisite degree of control over the enterprise so as to be engaged in self-employment under Section 402(h).[4] The Board's findings relating to the degree

---

[3] While not applicable here, we note in passing that in 1983 the General Assembly amended the Unemployment Compensation Law by adding Section 402.4, 43 P.S. §802.4, which provides that a corporate officer who would otherwise be an unemployed businessman is eligible for benefits where his unemployment is caused by the corporation entering into *involuntary* bankruptcy proceedings. This amendment partially addresses a *Starinieri*-type situation although self-employed persons who become unemployed businessmen through voluntary bankruptcy proceedings are still ineligible for benefits under *Starinieri*.

[4] We specifically note that Section 402(h) only addresses situations where claimants are presently engaged in self-employment when applying for benefits while *Starinieri* extends the operation of that section to self-employed persons who become unemployed upon the failure of their businesses. Accordingly, Salamak is ineligible for

of control exercised by Salamak are unchallenged and read as follows:

1. Subsequent to claimant's application for benefits dated September 12, 1983 [sic], claimant became, on October 28, 1983 [sic], a 33½ [sic] % shareholder of Fitness Association [sic], Inc., d/b/a New Dimensions Health Club and Recreation Center.

2. In addition to being a shareholder, claimant was President of the corporation and a member of the Board of Directors.

3. Although the claimant was not, per se, the manager of the business, he would supervise the management of the business and became actively involved in management when any problem arose which could not be resolved by the individual assigned to the position of manager.

4. The claimant had authority to write and sign checks on behalf of the corporation.

5. As President of the corporation and as a member of its Board of Directors, Claimant had the authority, although he did not exercise it, to hire and fire employees either on his own or in conjunction with other officers or members of the Board of Directors.

---

benefits for two distinct reasons; during the period from February 5, 1983 through April 16, 1983 at which time he was actively participating in Fitness Associates he was ineligible for benefits under Section 402(h) as he was engaged in self-employment, for the period from July 9, 1983 through August 29, 1983 after he left Fitness Associates, he was ineligible for benefits under the *Starinieri* extension of Section 402(h) as an "unemployed businessman." We have previously noted this distinction in *Gelb v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 82, 83 n.1, 486 A.2d 559, 560 n.1 (1985).

6. Claimant received remuneration from the corporation at the rate of $250.00 per week for the three weeks subsequent to April 16, 1983.

7. Claimant terminated his active association with the Health Club on or about July 1, 1983 because he felt he was not receiving sufficient remuneration to warrant traveling to and from the Health Club, a distance of 85 miles from his residence.

These findings are not challenged by Salamak and are, therefore, binding upon this Court upon review. *Taylor v. Unemployment Compensation Board of Review,* 471 Pa. 351, 378 A.2d 829 (1977). On the basis of those findings, we agree with the Board that Salamak exercised a substantial degree of control over New Dimensions and thus engaged in self-employment and ineligible for benefits under Section 402(h) of the Law. Accordingly, when he terminated his association with New Dimensions on or about July 1, 1983 for financial reasons, he became an unemployed businessman and ineligible for benefits under the rationale expressed by our Supreme Court in *Starinieri.*

While Salamak's voluntary departure from New Dimensions around July 1, 1983 clearly renders him ineligible for benefits for the compensable weeks from July 9, 1983 through August 27, 1983 as an unemployed businessman under *Starinieri,* we must now determine whether he was engaged in self-employment within the meaning of Section 402(h) during the period from February 5, 1983 through April 16, 1983 so as to render him ineligible for benefits for that period as well. Salamak argues that since New Dimensions did not open its doors until April 1, 1983, his ownership interest in a business did not appear until that time. Prior to that, he contends, he was merely associated with a non-operating corporation. In *Rob-*

*erts v. Unemployment Compensation Board of Review,*
55 Pa. Commonwealth Ct. 52, 422 A.2d 911 (1980), we
held that a claimant becomes ineligible for benefits
once he has taken a positive step towards establishing
an independent business enterprise. *Id.* at 54, 422 A.
2d at 912. Specifically, we held in *Leary v. Unemploy-
ment Compensation Board of Review,* 14 Pa. Common-
wealth Ct. 409, 322 A.2d 749 (1974), that the incorpora-
tion of a business brings a claimant within the provi-
sions of Section 402(h) as of the date of incorpora-
tion. *Id.* at 413, 322 A.2d at 750. The facts in *Leary*
are strikingly similar to those of the case presently
before us. While the incorporation of Fitness Asso-
ciates on October 28, 1982 was not the final act in es-
tablishing an independent business enterprise, it is
clearly a positive act towards that end. *Leary.* As in
*Leary,* it is undeniable that an operation had been
formed, even though the business did not actually open
its doors until several months later. *See also Salis v.
Unemployment Compensation Board of Review,* 200
Pa. Superior Ct. 548, 190 A.2d 579 (1963). According-
ly, we find that Salamak was engaged in self-employ-
ment during the compensable weeks from February
5, 1983 through April 6, 1983 and therefore ineligible
for benefits under the provisions of Section 402(h).

We now turn to the issue of whether the benefits
Salamak received for the weeks in question constitute
a fault overpayment subject to recoupment under Sec-
tion 804(a) of the Law. The word "fault" within the
meaning of Section 804(a) connotes an act to which
blame, censure, impropriety, shortcoming or culpa-
bility attaches. To find "fault" under Section 804(a),
there must be some finding by the referee or the
Board concerning the claimant's state of mind. *Am-
spacher v. Unemployment Compensation Board of Re-*

*view,* 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984).

In the instant case, finding nine is indicative of Salamak's state of mind and reads as follows:

9. On April 14, 1983, during the course of an interview with a claims examiner in the Shenandoah Local Office of Employment Security, the claimant denied owning any part of the subject corporate entity (Fitness Association, Inc. d/b/a New Dimensions Health Club and Recreation Center) when, in fact, he was a 33 ½% shareholder and also informed the Office of Employment Security at the time that he had no monetary interest in the business.

This finding, unchallenged by Salamak, clearly supports an inference of culpability. Here, he specifically lied to the OES regarding his degree of involvement and ownership of Fitness Associates. We are satisfied that this finding, in conjunction with the others set forth previously, amply support the finding of culpability necessary to impose liability under Section 804 (a) for a fault overpayment recoupment.

We shall, therefore, affirm the Board's order.

ORDER

Now, September 5, 1985, the order of the Unemployment Compensation Board of Review at No. B-226880, dated February 3, 1984, denying benefits to Theodore J. Salamak for the compensable weeks from February 5, 1983 through April 16, 1983 and from July 9, 1983 through August 27, 1983, and finding Theodore J. Salamak liable for a fault overpayment recoupment in the amount of $3,732.00 under Section 804(a) of the Unemployment Compensation Law is hereby affirmed.