IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anton Coleman,                               :
                Petitioner          :
                                    :       No. 210 C.D. 2016
             v.                  :
                                    :       Submitted: August 12, 2016
Unemployment Compensation                    :
Board of Review,                             :
                Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: December 21, 2016


         Anton Coleman (Claimant) petitions for review of the January 15, 2016 order of the Unemployment Compensation Board of Review (Board) reversing a referee's decision holding that Claimant was not ineligible for benefits under section 402(h) of the Unemployment Compensation Law (Law)[1] and not subject to a fault overpayment or penalty weeks/amounts under sections 804(a) and 801(b)-(c) of the Law.[2]

---

       [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). Section 402(h) of the Law generally provides that an employee shall be ineligible for benefits for any week in which he is engaged in self-employment.

      [2] 43 P.S. §§874(a), 871(b)-(c), respectively.

The underlying facts of this case are not in dispute. Claimant worked as an emergency medical technician for Medcare Ambulance (Employer) from 2008 until 2011 when he was laid off.[3] In 2009, Claimant incorporated his own business, Universal Ambulance. Claimant was the 100% owner of this business. Following his separation from employment with Employer, Claimant applied for the necessary licensure and insurance affiliations in order to operate Universal Ambulance. Universal Ambulance received a certificate necessary for operation in 2011, but did not receive insurance approval until 2012. While Claimant sought work, he ultimately hoped to make his own business the primary source of his income. Claimant did not receive any income from his Universal Ambulance business until 2012. Claimant responded "no" when asked whether he was self-employed because he was not receiving any income from Universal Ambulance. Claimant received $8,797.00 in unemployment compensation benefits. (Board's Findings of Fact Nos. 1-9.)

The Department of Labor and Industry (Department) later issued a determination that Claimant was ineligible for benefits under section 402(h) of the Law. The Department also assessed a fault overpayment, penalty weeks, and a monetary penalty under sections 804(a) and 801(b)-(c) of the Law. Claimant appealed and a referee held a hearing on November 12, 2015.

Claimant testified as to the facts described above. Claimant stated that he incorporated Universal Ambulance in 2009 with the hope of opening his own business in the future. Claimant noted that Universal Ambulance had no revenue

---

[3] The record indicates that Claimant last worked for Employer on November 4, 2011, that Claimant filed his initial claim on November 6, 2011, and that Claimant received benefits from the week ending November 19, 2011, through May 12, 2012. Claimant also received Emergency Unemployment Compensation for the weeks ending June 2 and June 9, 2012.

2

from 2009 through the first part of 2012, that he only received the necessary certificate to operate from the Pennsylvania Department of Health at the end of 2011, and that he had to wait another six months to get approval from insurance companies to be a provider. Claimant denied spending any more time working with his business after his separation from Employer, indicating that he merely filed paperwork during that time. Claimant also denied that he was self-employed at the time he was receiving unemployment compensation benefits. (Notes of Testimony (N.T.), 11/12/15, pp. 3-11.)

Nicholas Hayes, a Department examiner, investigated the matter and spoke with Claimant. During this conversation, he learned that Claimant had incorporated Universal Ambulance, which he described as a substantial step in Claimant starting his own business, and not merely a sideline business. Hayes stated that when Claimant initiated his claim, he denied that he was engaged in self-employment. Hayes noted that the unemployment handbook, which Claimant admitted receiving but not reading, specifies that a claimant is to report self-employment. (N.T., 11/12/15, pp. 11-12.)

The referee ultimately reversed the Department's determination, concluding that Claimant had met the "sideline activity" exception under section 402(h).[4] The Department appealed to the Board, which reversed the referee's decision and reinstated the fault overpayment, penalty weeks, and monetary penalty.

---

[4] The "sideline activity" exception permits a claimant to engage in self-employment, and remain eligible for unemployment compensation benefits, if the following conditions are met: (1) the self-employment activity precedes valid separation from full-time work; (2) the self-employment activity continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. 43 P.S. §802(h); *LaChance v. Unemployment Compensation Board of Review*, 987 A.2d 167, 171 (Pa. Cmwlth. 2009).

The Board concluded that Claimant was self-employed other than in a sideline business and, hence, was ineligible for benefits. The Board also concluded that Claimant withheld information regarding his Universal Ambulance business in order to receive benefits to which he was not entitled. The Board held that Claimant received a fault overpayment of $8,797.00, which was subject to recoupment under section 804(a). Further, the Board assessed twenty-one penalty weeks under section 801(b), but no additional penalty. Claimant now appeals to this Court.

On appeal,[5] Claimant first argues that the Board erred as a matter of law in concluding that he was self-employed. More specifically, Claimant argues that his action of establishing a dormant business enterprise which could not operate as a matter of law did not constitute a sufficient positive act of establishing a business to justify a denial of benefits under section 402(h) of the Law. We disagree.

Section 402(h) provides that an employee shall be ineligible for benefits:

> In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

---

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

4

43 P.S. §802(h).

The Law does not define the term "self-employment." *Silver v. Unemployment Compensation Board of Review*, 34 A.3d 893, 896 (Pa. Cmwlth. 2011). Thus, courts look to the definition of "employment" provided by section 4(l)(2)(b) of the Law:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. §753(l)(2)(B).

As we explained in *Buchanan v. Unemployment Compensation Board of Review*, 581 A.2d 1005 (Pa. Cmwlth. 1990):

> If one undertakes an activity in an entrepreneurial spirit with all intentions of starting a new business, trade, profession or occupation, he becomes a self-employed businessman. If subsequently his business fails or proves to be unprofitable he does not have the option of falling back upon unemployment compensation benefits because the Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. The Law is clearly not insurance for individual business undertakings.

*Id.* at 1008 (citations omitted).

In this regard, we have repeatedly held that a claimant becomes ineligible for benefits once he takes a positive step toward establishing an independent business. *Id.*; *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985); *Roberts v. Unemployment*

*Compensation Board of Review*, 422 A.2d 911, 912 (Pa. Cmwlth. 1980); *Leary v. Unemployment Compensation Board of Review*, 322 A.2d 749, 750 (Pa. Cmwlth. 1974) (en banc).

Indeed, in *Leary*, we upheld the Board's order concluding that the incorporation of a business constitutes such a positive step and serves to disqualify a claimant from benefits as of the date of incorporation. Additionally, in *Salamak*, we upheld the Board's order concluding that the claimant was engaged in self-employment when he became a shareholder in a new corporation, even though the corporation did not commence business until approximately five months later. Relying on *Leary*, we rejected the claimant's argument that his mere association with a non-operating corporation did not constitute self-employment. Further, in *Roberts*, we upheld the Board's order concluding that the claimants were engaged in self-employment as of the date of incorporation of a new business. Again relying on *Leary*, we specifically rejected the claimants' argument that this interpretation of the Law was unfair "because it unrealistically assumes that once a corporation is formed, it immediately begins to do business and generate income." *Roberts*, 422 A.2d at 912.

Further, in *Roche v. Unemployment Compensation Board of Review*, 503 A.2d 1103, 1105 (Pa. Cmwlth. 1986), we clarified that "[w]hether or not a business is incorporated is not determinative of whether activity in such business can be considered self-employment." (Citation omitted). Instead, we explained that the Court must look at whether the claimant has performed "a positive act of establishing an independent business enterprise." *Id.* In *Roche*, we upheld the Board's order concluding that the claimant was engaged in self-employment when he and another individual incorporated a business, opened and made payments from a business

6

checking account, and entered into a lease for business space. More recently, in an unpublished opinion, we upheld the Board's order concluding that the claimant was self-employed as of the date that he registered a fictitious business name with the Pennsylvania Department of State and received an entity number, even though the business received no income until several months later. *Banyas v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 521 C.D. 2009, filed October 14, 2009).[6]

While Claimant relies on several other decisions from this Court wherein we concluded that the claimant was not self-employed, including *Minelli v. Unemployment Compensation Board of Review*, 39 A.3d 593 (Pa. Cmwlth. 2012); *Silver; Teets v. Unemployment Compensation Board of Review*, 615 A.2d 987 (Pa. Cmwlth. 1992); *Buchanan*; and *Isett v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1026 C.D. 2014, filed March 18, 2015), those cases are factually distinguishable from the present case. For example, in *Minelli* and *Silver*, we concluded that the claimants' occasional offers of work for a new employer, whether reviewing clinical records of hospice patients or consulting on an as-needed basis, were not enough to conclude that the claimants were engaged in an independently established trade, occupation, profession, or business.

The remaining cases of *Teets*, *Buchanan*, and *Isett* all involve employment that this Court concluded amounted to a sideline business, and not self-employment. In *Teets*, the claimant, after separation from her employment as an account executive with an airline company, signed an agreement to distribute

---

[6] Pursuant to section 414(a) of this Court's Internal Operating Procedures, 210 Pa.Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value, but not as binding precedent.

7

products under a skin care company's pyramidal sales program. In *Buchanan*, the claimant, after being terminated from his position as an assistant finance manager with a car dealership, bought supplies to make necklaces and bracelets that he intended to sell at a weekly flea market. In *Isett*, the claimant, after being laid off from his full-time employment, performed landscaping and maintenance services for a neighboring nursery school.

Unlike the claimants in those cases, in the present case, Claimant incorporated his own business, Universal Ambulance, in 2009. Claimant was the president and 100% owner of this business. In late 2011, Claimant received a certificate to operate from the Pennsylvania Department of Health, and in 2012 Claimant received necessary insurance approval.[7] Moreover, Claimant was not performing occasional offers of work for another employer or engaging in a sideline business. Rather, Claimant testified before the referee that he intended Universal Ambulance to be his sole source of income. Based on the case law discussed above, we are constrained to hold that the Board did not err in concluding that Claimant was self-employed under section 402(h) of the Law.

Claimant next argues that the Board erred in assessing a fault overpayment because he never intended to provide false or misleading information to the unemployment authorities. Again, we disagree.

---

[7] The exact dates that Claimant received the certificate to operate and insurance approval are not clear in the record. However, since Claimant was not laid off from his employment with Employer until November 4, 2011, it would appear that Claimant at least requested the certificate to operate prior to that time.

8

Section 804(a) of the Law addresses fault overpayments, providing, in pertinent part, as follows:

> Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue.
> . . .

43 P.S. §874(a). This Court recently reiterated that the term "fault" in this section "connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Castello v. Unemployment Compensation Board of Review*, 86 A.3d 294, 298 (Pa. Cmwlth. 2013) (citing *Amspacher v. Unemployment Compensation Board of Review*, 479 A.2d 688, 691 (Pa. Cmwlth. 1984)).

While Claimant relies on his belief that he had no reason to report anything to the unemployment authorities, especially given his status as a lay person and his lack of business activity, or income therefrom at the time, he did not dispute that he regularly answered in the negative when he was asked if he was self-employed. However, by that time, Claimant had incorporated his own business and sought the necessary certificate to operate. Further, Claimant admitted before the referee that he had received the unemployment handbook, which specifies that a claimant is to report any self-employment. The Board essentially rejected Claimant's testimony that he was not aware that he was required to report that he had a business.[8] To the contrary, the Board concluded that "[w]hether he was making any income or not, [Claimant] knew that he had a business" but he "withheld that

---

[8] The Board is the ultimate fact-finder and arbiter of credibility. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1388-89 (Pa. 1985).

9

information from the Department in order to receive benefits to which he was not entitled." (Board op. at 3.) This conclusion, coupled with the Board's exclusive province over questions of credibility, support the assessment of a fault overpayment against Claimant.

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anton Coleman,                                    :
                    Petitioner                     :
                                                   :    No. 210 C.D. 2016
            v.                                      :
                                                   :
Unemployment Compensation                          :
Board of Review,                                   :
                    Respondent                      :

## *ORDER*


AND NOW, this 21st day of December, 2016, the order of the Unemployment Compensation Board of Review, dated January 15, 2016, is hereby affirmed.


_____
PATRICIA A. McCULLOUGH, Judge