## Dezelan Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Irene M. Dezelan,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

In this unemployment compensation case the Board of Review found as facts that the claimant was last employed by the East End Trucking Company, Pittsburgh, Pennsylvania, as a general office worker; that her last day of work was February 6, 1960; that she terminated her employment because of pregnancy; that at the time of terminating her employment she did not request a leave of absence. Claimant alleges that since she made herself available for work on June 29, 1960, and registered with the State Employment Office, she should be entitled to benefits. It is well established that to be eligible for benefits under the Unemployment Compensation Law a claimant must be attached to the labor force, that is, ready, able and willing to accept suitable employment. However, this availability, of itself, does not qualify a claimant when there are other circumstances in the particular case which negate the right of the claimant to receive compensation. Availability for work is only a factor where the other requirements of the Law are met, and there is no specific exception in the Law excluding the claimant because of her particular factual situation. Here, the Board correctly concluded that she was disqualified from receiving benefits under the provisions of section 402(b) of the Law.

Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. 802(b)(1), as now amended, provides, inter alia:

"An employe shall be ineligible for compensation for any week—(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That a voluntary leaving work because of pregnancy, whether or not the employer is able to provide other work, shall be deemed not a cause of a necessitous and compelling nature: . . ."

It is clear from the Board's findings of fact that this claim falls directly within the purview of the amended provision of section 402(b), and that the claimant therefore is ineligible for benefits.

Decision affirmed.