Young Unemployment Compensation Case.

Argued March 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John P. Campana,* with him *Campana & Campana,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 18, 1963:

Silvia W. Young was last employed as a bookkeeper by the Williamsport National Bank, Williamsport, Pennsylvania. Her final day of work was December 15, 1961, on which date, having been refused a leave of absence for pregnancy, she resigned from her employment. The child was born on January 11, 1962. Mrs. Young contacted the employer on February 27, 1962, in an effort to be reinstated, but was informed that she had been replaced. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had terminated her employment because of pregnancy, and was therefore disqualified under the provisions of Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 402(b)(1), 43 P.S. 802(b)(1). This appeal followed.

The facts are not in dispute. Being eight months advanced in pregnancy, claimant stopped working on

the advice of her physician. Her request for a leave of absence was refused because it was not the employer's policy to grant leaves of absence for pregnancy. There is no requirement that employers must adopt such a policy. The pertinent language of Section 402, as last amended December 17, 1959, reads as follows:

"An employe shall be ineligible for compensation for any week . . . (b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That a voluntary leaving work because of pregnancy, whether or not the employer is able to provide other work, shall be deemed not a cause of a necessitous and compelling nature . . ."

It has been consistently held, under the statutory proviso above quoted, that voluntary termination of employment because of pregnancy "must be considered to have been without cause of a necessitous and compelling nature": *Veitz Unemployment Compensation Case,* 195 Pa. Superior Ct. 122, 169 A. 2d 566. See also *Dezelan Unemployment Compensation Case,* 196 Pa. Superior Ct. 572, 176 A. 2d 166. We are not in accord with claimant's contentions (1) that the proviso is contrary to public policy; (2) that it violates Article I, Section 1 of the Constitution of the Commonwealth; and (3) that it contravenes the 14th Amendment of the Constitution of the United States. The treatment of claims for unemployment compensation by female employes who become pregnant is a matter for the legislature. We are bound by its solution of the problem.

Decision affirmed.