Colbert Unemployment Compensation Case.
Stanley Manufacturing Company, Appellant,
*v.* Unemployment Compensation Board
of Review.

Argued June 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John McD. Sharpe, Jr.,* with him *Sharpe & Sharpe,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Edward Friedman,* Acting Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., September 15, 1966:

This case arises under the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq., and involves the first application by this court of the most recent amendment to Section 401(f)(2) of the statute, 43 P.S. 801(f)(2). It will be necessary to recite the history of the case in some detail.

Mrs. Nancy G. Colbert was last employed as a presser by Stanley Manufacturing Company, Chambersburg, Pennsylvania. It was a known policy of this employer that, in case of pregnancy, the employe must not work beyond the first six months of the gestation period. Having become pregnant, Mrs. Colbert applied for a leave of absence, which was granted for a period of four months from November 25, 1964. The child was born prematurely on December 27, 1964. Mrs. Colbert

applied for reinstatment on March 18, 1965, at which time her physician certified that the date of the child's birth had been estimated to be February 17, 1965. The employer refused to rehire Mrs. Colbert on the ground that she was guilty of wilful misconduct under Section 402(e) of the statute (43 P.S. 802(e)) because she had violated company policy by working beyond the six-months period. The Bureau of Employment Security sustained the employer's position and denied benefits. The Referee reversed the Bureau. On August 20, 1965, the Board of Review affirmed the Referee's decision on a different ground, namely, that claimant's unemployment was due to a reduction in the employer's work force. Following an appeal by the employer to this court at No. 757 October Term 1965, the Board presented a petition for remission of the record. By stipulation of counsel, we entered a remand order on November 26, 1965. Without taking additional testimony, the Board filed a second decision, February 9, 1966, again sustaining the Referee, but solely on the ground that Mrs. Colbert was not guilty of wilful misconduct. The present appeal by the employer followed.

Appellant does not here assert that claimant was guilty of wilful misconduct. However, that is not an end to the case. The Commonwealth has an interest in the unemployment compensation fund, and the duty exists to protect the fund against dissipation by those not entitled to benefits under the law: *Lybarger Unemployment Compensation Case*, 203 Pa. Superior Ct. 336, 201 A. 2d 310; affirmed 418 Pa. 471, 211 A. 2d 463.

We are in accord with appellant's contention that Mrs. Colbert's claim is barred by the present language of Section 401(f)(2) of the statute. As amended March 24, 1964, this section reads in pertinent part as follows: "Compensation shall be payable to any employee who is

or becomes unemployed, and who . . . (f) . . . (2) with respect to an individual . . . on leave of absence for reasons of pregnancy has earned remuneration for services performed subsequent to the . . . termination of leave of absence . . . in an amount equal to or in excess of four (4) times her weekly benefit rate . . . Provided, however, that the provisions of this clause (2) shall not be applicable if the claimant (a) is unable to resume her employment . . . because of a reduction in force or because the business of such employer is closed down for reasons other than vacation . . . The provisions of this subsection shall not apply to a suspension of work by an individual pursuant to a leave of absence other than leave of absence for pregnancy granted by his last employer, provided such individual has made a reasonable effort to return to work with such employer upon the expiration of his leave of absence".

The legislature has made an express distinction between leaves of absence generally and leaves of absence because of pregnancy. Following the termination of her leave of absence, claimant admittedly did not earn four times her weekly benefit rate. She is therefore not entitled to benefits. We are not in accord with the suggestion that the decision of the Board should be affirmed on the basis of a bulletin issued by the Bureau of Employment Security which equates the refusal of the employer to permit the employe to resume her employment with a reduction in the work force. This bulletin constitutes a complete negation of the legislative purpose and is an unwarranted rewriting of the statute. "The treatment of claims for unemployment compensation by female employes who become pregnant is a matter for the legislature. We are bound by its solution of the problem": *Young Unemployment Compensation Case,* 200 Pa. Superior Ct. 511, 190 A. 2d 351.

Decision reversed.

DISSENTING OPINION BY WATKINS, J.:

I respectfully dissent. The opinion of the majority is a strict interpretation of an amendment to this remedial statute and goes far beyond the legislative intent.

On April 14, 1965, the Bureau of Employment Security issued a bulletin No. 505, Supp. No. 12 Rev. entitled "1964 Amendments To The Pennsylvania Unemployment Compensation Law Benefit Provisions". "Post Pregnancy Work Test". In this bulletin the Bureau says, inter alia: "The Law is intended to prevent payment of benefits to claimants who have withdrawn from the labor force to raise a family. It does, however, allow benefits to those demonstrating attachment to the labor force by meeting the 4 x WBR work test". It says further, "If an employe is granted, or required to take, a leave of absence because of pregnancy and later returns at the scheduled expiration of the leave, but is not permitted to resume work, a reduction in force is deemed to have occurred, since the employe has, in effect, been laid off as of the time she was not permitted to resume work in accordance with the employer's prior agreement or direction". This is on the theory that when granted a leave of absence the employer-employee relationship is in existence and she is still one of the work force, even though not working. There is nothing in this record to show she was replaced. The refusal to rehire reduces the work force by one and so she is entitled to benefits under the exception. The stipulation of counsel overlooked this evidence of reduction of work force.

We are bound to give to this amendment the liberal interpretation required for this remedial legislation. *Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 60 A. 2d 568 (1948); *Harman Unemployment Compensation Case,* 204 Pa. Superior Ct. 196, 202, 203 A. 2d 378 (1964). It is quite clear that this

claimant did not fall within the intent of the legislature to prevent payments to claimants who have withdrawn from the work force to raise a family.

HOFFMAN and SPAULDING, JJ., join in this dissent.