Joseph W. Saxton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Eric J. Fischer,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 9, 1983:

This is an appeal by Joseph W. Saxton (Claimant) from an order by the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee denying unemployment compensation benefits. We affirm.

Claimant was employed as an orderly in the Uptown Home for the Aged and was discharged after a confrontation with his supervisor. On application to the Office of Employment Security, unemployment benefits were denied for willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). After a hearing, a Referee affirmed the determination of ineligibility and on appeal the Board affirmed the decision of the referee.

The employer has the burden to prove willful misconduct. *Unemployment Compensation Board of*

*Review v. Cardellino*, 24 Pa. Commonwealth Ct. 617, 357 A.2d 710 (1976); *Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976). When the party with the burden of proof has prevailed before the Board, our review is limited to questions of law and a determination of whether the findings of the Board are supported by substantial competent evidence. *Jula v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 353, 409 A.2d 953 (1980); *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

Testimony concerning the alleged willful misconduct in this case is conflicting. The exchange of words took place in front of other employees and at some point in the confrontation, the supervisor called Claimant, who is a black male, "boy." Claimant alleged that *after* that provocation he responded with profanity. The supervisor testified that the Claimant's profanity and verbal abuse *preceded* her (supervisor's) use of the word "boy" and came only after the Claimant had screamed and hollered and called her vile names. She testified also that Claimant had refused to perform a duty she directed, which led to the confrontation in the first instance. The referee and the Board accepted the testimony of the supervisor. Questions of credibility and resolution of conflicts in the testimony are for the Board not this Court. *Miller v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979). The finding of the Board that Claimant's action was without provocation is supported by substantial competent evidence.

Insubordination and the use of vulgar language to a supervisor constitute willful misconduct if unprovoked. *Balaschak v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 313, 395 A.2d 638 (1978); *Fields v. Unemployment Compensa-*

*tion Board of Review*, 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973). We find no error in the Board's conclusion that Claimant's behavior rose to the level of willful misconduct.

### ORDER

Now, February 9, 1983, the order of the Unemployment Compensation Board of Review dated March 13, 1981, No. B-193274 is affirmed.