516 A.2d 863

Jess D. LaFollette, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 9, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*George S. Gobel, Liddle and Adams,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 29, 1986:

Jess D. LaFollette, Claimant, appeals here an order of the Unemployment Compensation Board of Review (Board). That order affirmed a referee's decision which found him ineligible for unemployment compensation benefits under Sections 401(c) and 402(h) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801(c) and 802(h), and that he received a fault overpayment in the amount of $3,762 subject to recoupment under Section 804(a) of the Law, 43 P.S. §874(a). We reverse.

The pertinent facts are as follows. Claimant was laid off from his job as a quality control inspector with the United States Steel Corporation on October 15, 1982 and was granted benefits in the amount of $198 per week. In early 1983, the Bureau of Unemployment Compensation, Benefits and Allowances, received an anonymous tip on its Harrisburg Hot Line that Claimant had been engaged in self-employment during the same period of time in which he had collected unemployment compensation benefits. As a result of the investigation which ensued following receipt of the Hot Line tip, the Office of Employment Security (OES), on July 25, 1983, issued a determination that Claimant was ineligible for benefits for the sixteen weeks he had already received and had received a fault overpayment in the amount of $3,762 which was subject to recoupment. Claimant appealed the OES determination to a referee who held a hearing on August 24, 1983. The referee issued her decision on October 3, 1983 in which she af-

firmed the OES determination that Claimant was ineligible for the sixteen weeks of benefits which he had received and had received a fault overpayment. He then appealed the referee's decision to the Board which affirmed the referee on November 25, 1983 and this appeal followed.

In this appeal, Claimant contends that (1) there is not substantial evidentiary support in the record for the Board's findings; (2) the Board erred as a matter of law when it characterized his activity of installing heating devices as "self-employment" rather than as a "side-line activity" which would have made him eligible for benefits; and (3) the Board erred when it found him ineligible for benefits due to his failure to produce certain documents requested by the OES. In reviewing these contentions, we are cognizant that under our limited scope of review we must affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law committed by the Board, or if any of the Claimant's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

We shall first examine Claimant's contention that necessary findings of the Board lack support by substantial, competent evidence in the record. Specifically, he challenges the evidentiary support for the following findings of the referee which were adopted by the Board:

3. Since January of 1982, the claimant has been engaged in self-employment activities installing heating devices.

4. The claimant continued in this activity while filing for unemployment compensation benefits

but reported no earnings to the Office of Employment Security.

. . . .

6. The claimant failed to present any documents other than an incomplete, unsigned, handwritten copy of an individual income tax return for 1982 with wages shown as $29,843.89.

7. Since the claimant's wages from U.S. Steel for the calendar year 1982 were $26,286.48 ($25,227.36 wages plus $1059.12 Sub Pay), the claimant's self-employment wages were $3557.41 or $68.41 weekly.

8. The claimant is overpaid in the amount of $3762 through his own fault.

Claimant's evidentiary objections to findings three and seven pertain solely to the Board's characterization of his activity as "self-employment" rather than as a "side-line activity." He does not dispute the fact that he had been active in installing heating devices since January 1982 but contended that he last conducted such activity in September or October of 1982, prior to his layoff at U.S. Steel. He also does not dispute the Board's calculation that he reported income from this activity in the amount of $3,557.41 to the Internal Revenue Service on his 1982 individual income tax return, only its characterization as "self-employment" income. Of course, whether a certain activity constitutes self-employment or a side-line activity is a question of law, not of fact, and the Board's determination of that issue is not binding upon this Court and is independently reviewable on appeal. *Harper v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 474, 443 A.2d 419 (1982); *Unemployment Compensation Board of Review v. Minier,* 23 Pa. Commonwealth Ct. 514, 352 A.2d 577 (1976). We shall, therefore, address

this issue when we review Claimant's other legal arguments.

Claimant's challenge to finding four is that it is based solely upon hearsay evidence and cannot be upheld. We agree. Our review of the record clearly shows that the only evidence presented by the Board investigators that Claimant was engaged in *any* activity, whether side-line or self-employment, after he applied for benefits in mid-October of 1982 was information gathered from third parties, allegedly customers of the Claimant. None of those customers were present at the referee's hearing and Claimant's counsel duly objected to any reference to information attributable to them offered by the investigators. This Court has long held that hearsay evidence, properly objected to, is not competent evidence to support a finding of the Board. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976); *Kiriluk v. Unemployment Compensation Appeal Board of Review*, 41 Pa. Commonwealth Ct. 229, 398 A.2d 772 (1979). *See also LeGare v. Unemployment Compensation Board of Review*, 498 Pa. 72, 78, 444 A.2d 1151, 1154 (1982) (citing *Walker* with approval). Since the record contains no competent evidence to support the Board's fourth finding that Claimant was self-employed while he was collecting benefits, we must conclude that finding No. 4 cannot be sustained.

Obviously, we must reject the contention that the Board, by a credibility determination, may control the outcome here, since we cannot accept the view that the incompetent proofs offered by the unemployment compensation authorities can be rendered competent by disbelieving the Claimant's explanation. The Claimant's testimony whether believed or not is the only competent testimony on the issue, and the failure to accept it

does not add support for the findings, but leaves the record devoid of *any* evidence to support the findings. In this connection we find particularly persuasive our opinion in *Kiriluk,* where the issue was remarkably similar, except that there was no objection to the hearsay in *Kiriluk,* whereas there was here. We there stated:

> To summarize, the only person who testified before the referee with actual knowledge of the alleged misrepresentation was Claimant. He denied all of the alleged misrepresentations. Witnesses were available to the party having the burden of proof, but those witnesses were not called. The referee's findings of fact affirmed by the Board rest solely upon hearsay evidence contradicted by Claimant and uncorroborated by other competent evidence.

41 Pa. Commonwealth Ct. at 234, 398 A.2d at 775. Accordingly, since we hold that the Board's finding upon which Claimant's disqualification for benefits under Section 402(h) of the Law was based is not supported by substantial evidence, the Board's conclusion that Claimant was disqualified for benefits by being self-employed is also in error.

Also, we are unable to agree with the Board's acceptance of the referee's sixth finding because we cannot agree that there is any valid basis for denying benefits to the Claimant for failure to produce documents in that Claimant's reply to a request for documents resulted in his production of an "incomplete, unsigned, hand-written copy" of a U.S. income tax return and did not include a Schedule C showing self-employment income. In our view, the failure to believe Claimant's statement that there was no Schedule C does not prove that there was one. Similarly, disbelieving the Claimant's statement as to when he earned the money in the year 1982 does not supply the basis for the factual

conclusion that he earned this extra income *after* he left U.S. Steel. The Board cites our decision in *Amspacher v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984), to support its conclusion. In *Amspacher* we held that Section 401(c) requires that unemployment compensation applicants divulge to the OES all pertinent information regarding the applicant's employment status so that the OES may make an informed and intelligent determination as to the applicant's eligibility for benefits. *Id*. at 452, 479 A.2d at 690. Unlike *Amspacher,* there is no evidence here that the Claimant had material or relevant information which he failed to disclose to the OES when he applied for benefits. There is no competent proof that he continued to actively pursue his outside activity of installing heating devices after he was laid off from his full-time position at U.S. Steel. This situation differs considerably from that in *Amspacher* where the claimant failed to divulge to the OES the fact that he had *quit* his second job *after* he was laid off from his primary job.

Accordingly, the Board's conclusion that Claimant was ineligible for benefits under Section 401(c) of the Law is erroneous and must be reversed.

Our decision as to Claimant's eligibility for the benefits received also resolves his challenge to finding eight pertaining to the alleged overpayment. In that we have found Claimant to have been eligible for the benefits received during the weeks in question, there can be no overpayment of benefits since he received only that to which he was entitled under the Law. Therefore, the Board's finding that Claimant received an overpayment of benefits in the amount of $3,762 is not supported by the evidence and cannot be sustained. As we have determined that there was no overpayment of benefits, we need not reach the issue of fault under Section 804(a) of

the Law nor do we need to address Claimant's other legal issues. Therefore, the Board's order which finds Claimant ineligible for the benefits received and that he received a fault overpayment in the amount of $3,762 subject to recoupment must be reversed.[1]

### ORDER

NOW, October 29, 1986 the order of the Unemployment Compensation Board of Review at Decision No. B-224563, dated November 25, 1983, which determined that Jess D. LaFollette was ineligible for unemployment compensation benefits and that he had received a fault overpayment in the amount of $3,762.00 subject to recoupment under Section 804(a) of the Unemployment Compensation Law, is hereby reversed.

---

[1] This opinion was assigned to the author on September 9, 1986.

---

:

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The Claimant, when he applies for unemployment compensation, has the burden to prove his eligibility. By failing to disclose that he was receiving outside income by other employment when he applied for unemployment compensation benefits, he failed to prove his eligibility. Whether the income which the Claimant was receiving at the time he made his original application for benefits was "self-employment" rather than "a side-line activity" is not material. The Claimant failed to prove his eligibility when he failed to disclose a material fact at the time he made his original application.

The majority would impose upon the unemployment compensation authorities an affirmative burden to prove whether the Claimant was self-employed. Placing the burden on the Board to prove self-employment allows

the Claimant, through his failure to disclose, to defeat his initial burden to prove eligibility.

Eligibility is basic to entitlement. The burden to establish it is on the claimant. He failed to do this by his failure to disclose. Therefore, I would affirm the Board in its denial of benefits.