531 A.2d 1174

James Sauer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 4, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul W. O'Hanlon, Neighborhood Legal Services Association,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 6, 1987:

In this unemployment compensation case, James Sauer, Claimant, appeals here an order of the Unemployment Compensation Board of Review (Board) denying his claim for unemployment compensation benefits and finding him liable for a fault overpayment recoupment. The Board found that he is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), due to his discharge for willful misconduct and that he is liable for a fault payment recoupment pursuant to Section 804(a) of the Law, 43 P.S. §874(a), due to his providing false information on his application for benefits. We shall affirm.

Sauer was last employed as a security guard by Federated Security (Employer) from December, 1983, through July 14, 1984. On July 14, 1984, he was terminated, according to the Employer, laid off according to Sauer, from his job as a security guard. Sauer was previously warned by the Employer to conform to the Employer's policy of wearing a complete uniform while on duty and to properly perform his duties as assigned by the Employer. When he filled out his initial application for benefits with the Office of Employment Security (OES), he certified that he had been laid off by the Employer due to lack of work. As a result, he collected and cashed two benefit checks, totaling $130.00, for the weeks ending October 20 and 27, 1984. After receiving the Employer's separation information, the OES determined that he was ineligible for benefits under 43 P.S. §802(e), due to willful misconduct, and under 43 P.S. §801(c), due to his failure to make a proper claim for benefits. The OES also determined that he had received a fault overpayment subject to recoupment under 43 P.S. §874(a). Sauer appealed the OES determination to a referee who, after a hearing, upheld the OES and issued a decision finding him ineligible for benefits under 43 P.S. §§801(c) and 802(e) and subject to a fault overpayment recoupment under 43 P.S. §874(a) in the amount of $130.00. On Sauer's appeal of the referee's decision, the Board affirmed.

In his appeal to this Court, Sauer contends that (1) necessary findings are not supported by substantial evidence; (2) his conduct does not amount to willful misconduct as used in 43 P.S. §802(e); and (3) he did not provide false information to the OES on his application for benefits and is not subject to a fault overpayment recoupment under 43 P.S. §874(a). Of course, our scope of review in unemployment compensation appeals is limited by Section 704 of the Administrative Agency

Law, 2 Pa. C. S. §704, to determining whether necessary findings are supported by substantial evidence, an error of law committed, whether the procedural provisions of the Administrative Agency Law, 2 Pa. C. S. §§501-508, have been complied with, or whether any constitutional rights of the claimant have been violated. *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

Sauer initially contends that several of the Board's findings, that it adopted from the referee's decision, are not supported by substantial evidence. The sole finding of the Board that he directly challenges is finding 10, which provides:

10.    The claimant's [Sauer's] services were terminated by the employer for continued violations of employer policy after warnings.

His sole contention is that the sole reason the Employer terminated him was due to the lack of work resulting from the loss of two contracts, one with the Sheraton Motor Inn and the other with Station Square Parking. There is no dispute that Sauer was called by the Employer's secretary and told to turn in his uniform. In *Torsky v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 642, 474 A.2d 1207 (1984), we noted that an employer need not use words like "discharged" or "fired" in order to effectuate a firing, but that a firing can be inferred from such language as "pick up your pay," "turn in your key," "pull your time card," "there's the door," and the language used here, "turn in your uniform." *Id.* at 645-46, 474 A.2d 1209. *See also Caperila Unemployment Compensation Case*, 200 Pa. Superior Ct. 357, 359, 188 A.2d 759, 760 (1963). While Sauer points to a comment by the secretary that the loss of the two contracts was involved, that does not deprive finding 10 of support by substantial

evidence. The Employer's president testified that the loss of the Sheraton and Station Square contracts was involved in Sauer's discharge because Sauer's sloppy performance was a factor in losing those contracts. The secretary's statement as testified to by Sauer, therefore, must be viewed in light of the record as a whole and not in isolation. Additionally, the Employer's witnesses testified that Sauer's disciplinary infractions regarding being out of uniform and substandard job performance were an on-going problem that occurred on almost a day-to-day basis. N.T. (11/29/84) at 7-10. Viewing the record as a whole, we are satisfied that finding 10 is supported by substantial evidence.

Sauer next contends that his conduct does not constitute willful misconduct as used in 43 P.S. §802(e) rendering him ineligible for benefits. We disagree. Our Supreme Court has defined "willful misconduct," as used in 43 P.S. §802(e), as being, among other things, a disregard by the employee of the employer's interests, a deliberate disregard of the employer's rules, or a disregard of the standards of behavior that an employer has a right to expect of an employee. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). *See also Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The employer bears the burden of proving that an employee was discharged for willful misconduct so as to render the employee ineligible for benefits. *Comp v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 577, 478 A.2d 503 (1984). Whether an employee's conduct amounts to "willful misconduct" as used in 43 P.S. §802(e) is a question of law reviewable by an appellate court based upon the facts as found by the Board. *Sheaffer v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 280, 457

A.2d 1037 (1983). Where the willful misconduct is based upon a violation of an employer rule or policy, the employer must establish the existence of the rule or policy and that the employee was aware of it. *Tongel v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 524, 501 A.2d 716 (1985).

The Employer presented evidence regarding Sauer's work performance and attitude. In his testimony, Sauer admits that he violated the Employer's uniform policy. N.T. (11/29/84) at 12. The Board's findings show that he was given repeated warnings by the Employer regarding breaches of the Employer's policy on work appearance and performance. Sauer would watch television while on duty, although he knew it was not permitted, and he would habitually show up for work wearing incomplete uniforms despite being warned previously about the requirement of wearing a complete uniform. The evidentiary support for these findings is unchallenged. These findings are supported by the evidence submitted by the Employer and are, therefore, binding upon this Court upon appellate review. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). We have no trouble in concurring with the Board that Sauer's conduct, as found by the Board, amounts to willful misconduct as used in 43 P.S. §802(e) rendering him ineligible for benefits.

We also note that the Board, in affirming the referee, found Sauer ineligible for benefits pursuant to 43 P.S. §801(c), based upon his failing to make a proper application. Sauer indirectly challenges this conclusion by arguing that the Board erred in finding that he gave false and misleading information on his application for benefits to the OES. Board findings 3 and 4, not directly challenged by Sauer, provide:

3. The claimant certified to the Local [OES] Office when he filed his application for benefits

that he was separated from this employer for lack of work.

4. The claimant was aware when he filed his application for benefits that he was separated from this employer for violations of employer policy.

In *Amspacher v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984), we held that a claimant failed to make a claim for compensation in a proper manner as required by 43 P.S. §801(c) where he failed to disclose on his application for benefits that he had voluntarily quit his job with a part-time employer after he was laid off by his full-time employer, and was therefore ineligible for benefits. In so holding, we noted that a claimant seeking unemployment benefits is required to divulge to the OES all pertinent information regarding the claimant's employment status. The fact that the claimant in *Amspacher* quit his part-time position after receiving his lay-off notice from his full-time employer was important and relevant to the OES determination as to his eligibility for benefits and was required to be divulged. *Id.* at 451-52, 479 A.2d at 690-91. Likewise, the question of whether a claimant is laid-off due to lack of work or discharged for cause is both relevant and important to the OES determination of that claimant's eligibility for benefits. By falsely stating that he had been laid off rather than discharged, Sauer misled the OES and provided an incorrect picture of his true employment status. As such, like the claimant in *Amspacher,* he did not make a proper claim for benefits under 43 P.S. §801(c) and is ineligible for benefits.

We now turn to Sauer's last contention which is that the Board erred when it found him liable under 43 P.S. §874(a) for a fault overpayment recoupment in the amount of $130.00. The word "fault" as used in 43 P.S.

§874(a) connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches. *Summers v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981). To find "fault" under 43 P.S. §874(a), there must be some finding by the Board concerning the claimant's state of mind. *Salamak v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 493, 497 A.2d 951 (1985).

In this case, finding 4 pertaining to Sauer providing key information to the OES on his application for benefits that he knows is false, is indicative of his state of mind. In *Salamak,* we upheld the finding of a fault overpayment where the claimant denied owning any part of the corporate employer where in fact he was a one-third shareholder. 91 Pa. Commonwealth Ct. at 501, 497 A.2d at 955. In *Amspacher,* we found that the claimant's failure to report his voluntary quit from his part-time employer where he stated on his quitting notice that he was quitting because "working here would mess up my unemployment," was sufficient showing of culpability necessary to impose liability for a fault overpayment subject to recoupment under 43 P.S. §874(a). 84 Pa. Commonwealth Ct. at 454-55, 479 A.2d at 691-92. Likewise, we find sufficient evidence of culpability present here to subject Sauer to liability for a fault overpayment recoupment. The findings show that he had a long history of warnings and counselings by the Employer for substandard work appearance, attitude and performance and was finally told to turn in his uniform. Additionally, there is testimony in the record to indicate that Sauer told the Employer's secretary, after being told to turn in his uniform, that he was going to apply for compensation and warned the Employer not to interfere with his application. N.T. (11/29/84) at 10. On the above basis, we are satisfied that the requi-

site showing of culpability is present here and that the Board correctly found Sauer liable for a fault overpayment recoupment under 43 P.S. §874(a).

Having disposed of the issues raised by Sauer in favor of the Board, we shall affirm its order.

ORDER

Now, October 6, 1987, the Order of the Unemployment Compensation Board of Review at Decision No. B-238170, dated February 20, 1985, finding James Sauer ineligible for unemployment compensation benefits and liable for a fault overpayment recoupment in the amount of $130.00, is hereby affirmed.