# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol S. Cellini, | : | |
|     Petitioner | : | |
| | : | No. 1575 C.D. 2023 |
|     v. | : | |
| | : | Submitted: May 6, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
|     Respondent | : | |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                 **FILED: June 27, 2025**

Carol S. Cellini (Claimant), proceeding *pro se*, has petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision that Claimant was ineligible for pandemic unemployment assistance (PUA) benefits[1] or federal pandemic unemployment compensation (FPUC) benefits.[2] Upon review, we affirm.

---

[1] Pandemic unemployment assistance (PUA) benefits are provided under Section 2102 of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021.

[2] The FPUC program provided eligible individuals additional supplemental benefits. *See* 15 U.S.C. § 9023.

## I. BACKGROUND[3]

In August 2019, Claimant was laid off from her employment and thereafter awarded regular unemployment compensation (UC) benefits for 26 weeks. After exhausting her regular UC benefits, Claimant became eligible for pandemic emergency unemployment compensation (PEUC) benefits.[4]

Nevertheless, in February 2020, Claimant applied for PUA benefits. In her application, Claimant selected email as her preferred method of notification and provided a personal email address. Over 12 weeks, Claimant received $5,768 in PUA benefits. Additionally, in the last 5 of those 12 weeks, Claimant received $3,000 in FPUC benefits.

In November 2022, the UC Service Center determined that Claimant was ineligible for these benefits because she had been eligible for either regular UC or PEUC benefits. Claimant timely appealed.

In December 2022, a Referee held a telephonic hearing, but Claimant failed to appear.[5] Thereafter, based on the documentary evidence of record, the Referee determined that Claimant was ineligible for either PUA or FPUC benefits. Finding no evidence of fraud, the Referee further found a non-fraud overpayment to Claimant in the amount of $8,768.

---

[3] Unless stated otherwise, we adopt this background from the Referee's decision, which was adopted by the Board, and which is supported by substantial evidence of record. *See* Bd.'s Order, 11/28/23; Referee's Dec., 12/30/22.

[4] PEUC benefits are provided under Section 2107 of the CARES Act, 15 U.S.C. § 9025. It was provided to individuals who, in pertinent part, "exhausted all rights to regular compensation under State law or Federal law with respect to a benefit year . . . and are able to work, available to work, and actively seeking work." *See* 15 U.S.C. § 9025(a)(2)(A),(D).

[5] The Referee twice attempted to contact Claimant at her phone number of record, but Claimant did not answer. *See* Hr'g Tr., 12/30/22, at 1-2.

Claimant timely appealed the Referee's decision. The Board remanded for an additional hearing to ascertain the reason for Claimant's failure to appear, as well as for any new or additional evidence on the merits. The Board further cautioned, however, that it would not consider Claimant's substantive evidence if she could not establish a proper cause for her nonappearance.

In July 2023, the Referee held a second telephonic hearing, at which Claimant testified. Claimant explained that she was absent from the first hearing because she had missed the hearing notice in her email and, further, suggested that she should have received a hard-copy notice of a mandatory hearing.[6] The Board did not credit this explanation as good cause for Claimant's nonappearance. Accordingly, the Board did not consider any testimony or evidence on the merits, adopted the Referee's findings, and affirmed the Referee's decision. Claimant timely appealed to this Court.

## II. ISSUES

Claimant has identified two issues for our consideration.[7] First, Claimant challenges the Board's decision to deny her PUA benefits based on her

---

[6] Claimant explained as follows:

Well, the simple truth is I didn't know I had a hearing, and I don't understand if I was mandated for this hearing, and if I had this hearing, why this wasn't sent to me by hard copy. So I didn't even know I had the hearing or believe me, I would've been on the hearing.

Hr'g Tr., 7/25/23, at 3.

[7] Claimant's arguments to this Court suffer from a lack of development. Indeed, there is no clearly defined argument section in her brief. *See generally* Claimant's Br. Her arguments appear in the form of a letter addressed to this Court and lack any citations to legal authority or references to the certified record. Accordingly, she risks waiver. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998)

3

failure to appear at the first telephonic hearing rather than the validity of her claim. *See* Claimant's Br. at 8-9 (unpaginated). Second, Claimant questions "the underlying basis" of the Board's decision "retracting" her PUA benefits, particularly following the initial approval of her benefits. *Id.* at 8. Most notably, Claimant states, "If true [*i.e.*, if Claimant was ineligible for PUA,] why did the [UC Service Center] approve me? Why has it taken 2.5 years for PUA to retract?" *Id.* at 11.

In response, the Board maintains that Claimant lacked good cause for her nonappearance at the first telephonic hearing. *See* Bd.'s Br. at 5-7. Therefore, according to the Board, it properly disregarded Claimant's testimony and evidence on the merits of her PUA claim and considered only the documentary evidence of record. *See id.* Further, based on that documentary evidence, Claimant remained eligible for PEUC benefits, which rendered her ineligible for PUA benefits. *See id.* at 9.

### III. DISCUSSION[8]

In her first issue, Claimant challenges the Board's determination that she was ineligible for PUA benefits.[9] *See* Claimant's Br. at 8-9. "[T]he PUA

---

(holding that failure to develop issue in appellate brief results in waiver); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver."). Nevertheless, because we are generally inclined to construe *pro se* filings liberally, we decline to find waiver in this case. *See, e.g.*, *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425-29 (Pa. Cmwlth. 2012).

[8] This Court's review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Additionally, the Board is the ultimate fact finder and empowered to make credibility determinations. *See McCarthy v. Unemployment Comp. Bd. of Rev.*, 829 A.2d 1266, 1269-70 (Pa. Cmwlth. 2003). Properly supported, the Board's findings of fact are conclusive on appeal. *Id.* at 1270.

[9] We note that Claimant does not challenge the Board's adjudication regarding her FPUC eligibility. *See generally* Pet'r's Br.

4

program was created to provide temporary income assistance to individuals who are unemployed due to specified COVID-19 pandemic-related reasons . . . ." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1060 (Pa. Cmwlth. 2023). To qualify for PUA benefits under the CARES Act, a claimant must be a "covered individual." 15 U.S.C. § 9021(a)(3)(A). In relevant part, a covered individual "means an individual who . . . is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation . . . ." *Id.* § 9021(a)(3)(A)(i).

Initially, we reject Claimant's assertion that she was denied PUA benefits based on her nonappearance for the telephonic hearing. Rather, the record reflects that she was denied benefits because she failed to meet the statutory requirements for eligibility. *See* Determination, 11/15/2022. Here, the UC Service Center determined that Claimant was ineligible for PUA benefits because she had exhausted her regular UC benefits but remained eligible for PEUC benefits. *See* Claim Information, Other Program Eligibility.[10] The Board accepted this documentary evidence to establish that Claimant was not a "covered individual" qualified to receive PUA benefits. *See* Bd.'s Order, 11/28/23 (adopting Referee's Dec., 12/30/22). Absent credited evidence to the contrary, we discern no error in the Board's decision.[11] *See* 15 U.S.C § 9021(a)(3)(A)(i); *see also McCarthy*, 829 A.2d at 1270.

_____

[10] This documentation may be found in the agency record at pp. 16-17, also identified as Ex. UC 065-066.

[11] To the extent Claimant has directed our attention to substantive evidence not of record, *see generally* Pet'r's Br., this Court has previously issued an order declining to consider this evidence. *See* Mem. & Order, 3/25/25.

Claimant also challenges the UC Service Center's efforts to reclaim benefits more than two years after she first received them. *See* Claimant's Br. at 11. However, this claim, too, is without merit.

It is well settled that this Commonwealth, through its Department of Labor and Industry (Department), has a "duty to protect the unemployment compensation fund against dissipation by those not entitled to benefits under the law." *Amspacher v. Unemployment Comp. Bd. of Rev.,* 479 A.2d 688, 691 (Pa. Cmwlth. 1984); *see* Section 201(a) of the UC Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 761(a) (providing that the Department may conduct investigations to enforce UC Law). This duty extends to federal programs administered by the Department. For example, "in the case of individuals who have received amounts of [PUA] to which they were not entitled, the [Commonwealth] shall require such individuals to repay the amounts of such [PUA] to the [Department] . . . ." 15 U.S.C. § 9021(d)(4). Importantly, there is no relevant time limitation on the recovery of PUA funds. *See id.*; *Unemployment Ins. Program Letter No. 20-21, Change 1* (U.S. Dep't of Labor, Feb. 7, 2022), p.19.[12]

Here, following an investigation, the UC Service Center determined that Claimant was ineligible to receive PUA benefits. *See* Disqualifying Determination, 11/15/22. It then documented a PUA overpayment to Claimant of $5,768. *See* Payment Summ., 12/9/22.[13] Accordingly, it was required to recover the amount of those benefits from Claimant.[14] 15 U.S.C. § 9021(d)(4).

---

[12] *See* https://www.dol.gov/index.php/agencies/eta/advisories/unemployment-insurance-program-letter-no-20-21-change-1 (last visited 6/26/2025).

[13] This document may be found in the agency record at p. 13, also identified as Ex. UC 062.

[14] State agencies are permitted to waive repayments if the compensation was "without fault on the part of" the Claimant and "such repayment would be contrary to equity and good conscience." *See* 15 U.S.C. § 9025(e)(2). However, this Court has established that a request for

Accordingly, we affirm the Board's decision.



**LORI A. DUMAS, Judge**

---

waiver of repayment must be decided in a separate proceeding. *See Rouse v. Unemployment Comp. Bd. of Rev.,* 41 A.3d 211, 213 (Pa. Cmwlth. 2012). Claimant may request waiver of repayment by submitting the appropriate form to the Department. *See id.* If the Department denies the waiver request, an appeal can be taken. *Id.*

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carol S. Cellini,                          :
                    Petitioner           :
                                           :   No. 1575 C.D. 2023
          v.                               :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent            :

## **O R D E R**

AND NOW, this 27th day of June, 2025, the order entered by the Unemployment Compensation Board of Review on November 28, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**